# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| HAIBO JIANG, <br><br>　　10 Autumn Grove <br>　　Mitcham, VIC 3132 <br>　　Australia <br><br>　　Plaintiff, <br><br>v. <br><br>UNITED STATES DEPARTMENT OF STATE, <br><br>Serve:　Executive Office <br>　　　　Office of the Legal Adviser <br>　　　　Suite 5.600 <br>　　　　600 19th St. NW <br>　　　　Washington, DC 20522 <br><br>U.S. CONSULATE IN SYDNEY, AUSTRALIA, <br><br>Serve:　Executive Office <br>　　　　Office of the Legal Adviser <br>　　　　Suite 5.600 <br>　　　　600 19th St. NW <br>　　　　Washington, DC 20522 <br><br>ANTONY BLINKEN, United States Secretary of State, <br><br>Serve:　Executive Office <br>　　　　Office of the Legal Adviser <br>　　　　Suite 5.600 <br>　　　　600 19th St. NW <br>　　　　Washington, DC 20522 <br><br>and; <br><br>CHRISTINE ELDER, Consul General of the United States at the U.S. Consulate in Sydney, Australia, <br><br>Serve:　Executive Office <br>　　　　Office of the Legal Adviser | Case No. |

Suite 5.600
600 19th St. NW
Washington, DC 20522

Defendants.

## COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFF'S EMPLOYMENT VISA APPLICATION

Plaintiff Haibo Jiang respectfully requests that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate a long-delayed employment visa application.

## PARTIES

1. Plaintiff Haibo Jiang was born in China and is a citizen of Australia, currently residing in Australia.

2. Defendant Department of State (hereinafter sometimes referred to as "the DOS") is the agency of the United States that is responsible for communicating with the DHS and managing Defendant U.S. Consulate in Sydney, Australia, and which is responsible for implementing the immigrant visa provisions of the law.

3. Defendant U.S. Consulate in Sydney, Australia (hereinafter sometimes referred to as "the Embassy") is a component of the DOS that is responsible for processing immigrant visa applications and implementing the immigrant and non-immigrant visa provisions of the law.

4. Defendant Antony Blinken, the U.S. Secretary of State, is the highest ranking official within the DOS.  Blinken is responsible for the implementation of the INA and for ensuring compliance with applicable federal laws, including the APA. Blinken is sued in his official capacity as an agent of the government of the United States.

5. Defendant Christine Elder, Consul General of the United States at the U.S. Consulate in Sydney, Australia, is being sued in an official capacity as an agent of the government of the United States.

**JURISDICTION AND VENUE**

6. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

7. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) Plaintiff has significant ties to this district as he intends to reside and work in Ohio once the visa is issued and his employer is located in Dublin, OH, which is located within this district. (See Exhibit A – Job Offer Letter)

8. This Honorable Court is competent to adjudicate this case, notwithstanding the doctrine of consular non-reviewability, *see United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537 (1950), because Defendants have not made any decision in regard to Haibo Jiang's visa application.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

9. On May 1, 2019, Plaintiff Haibo Jiang' employer filed an I-140 Petition for Alien Worker on his behalf. The receipt number is LIN1916251118.

10. Plaintiff paid, and Defendants accepted, all applicable filing and visa fees.

11. USCIS purportedly approved Plaintiff's I-140 visa petition on May 8, 2019. The priority date is August 1, 2018, and is current in the June and July visa bulletins.

12. The case was sent to the National Visa Center (NVC), a part of the U.S. Department of State for visa processing. The NVC assigned Case Number SYD2019651002 to

this case. The NVC completed its processing of the case and sent it to the U.S. Consulate in Australia, Sydney for an interview.

13. The State Department conducted Haibo Jiang's visa interview on October 24, 2023.

14. After the interview, Plaintiff was requested to submit a Medical Examination Report and his passport. Plaintiff timely submitted the requested documents on November 24, 2023 and November 28, 2023, respectively. Since that time, the agency has refused to issue a final decision on this case.

15. Haibo Jiang has made repeated attempts to obtain a decision in this matter without involving this honorable Court. Plaintiff has contacted the consulate multiple times, and even the Office of U.S. Senator Raphael Warnock, regarding the processing of his case, but these efforts have led nowhere.

**FIRST CLAIM FOR RELIEF**
**(Agency Action Unlawfully Withheld and Unreasonably Delayed)**

For their first claim for relief against all Defendants, Plaintiff alleges and states as follows:

16. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

17. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Section 555(b) creates a non-discretionary duty to conclude agency matters. *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991). A violation of this duty is a sufficient basis for mandamus relief.

18. The APA permits this Honorable Court to "compel agency action unlawfully

withheld or unreasonably delayed." 5 U.S.C. § 706(1).

19. The Defendants have refused to adjudicate Plaintiff's application and to issue the requested visa application.

20. The DOS regularly works with the DHS when carrying out background and security investigations that are delayed by administrative processing.

21. Plaintiff alleges that Haibo Jiang's application has been in administrative processing beyond a reasonable time period for completing administrative processing of his visa application.

22. The combined delay and failure to act on Haibo Jiang's immigrant visa application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

23. There are no alternative adequate or reasonable forms of relief available to Plaintiff.

24. Plaintiff has exhausted all available administrative remedies in pursuit of a resolution of this matter, including repeatedly requesting the processing of their case.

**SECOND CLAIM FOR RELIEF**
**(Violation of Right to Due Process of Law)**

For their second claim for relief against all Defendants, Plaintiff alleges and states as follows:

25. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

26. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiff may seek redress in this Court for Defendants' combined failures to provide a reasonable and just

framework of adjudication in accordance with applicable law.

27. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiff.

28. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiff by preventing him from fulfilling the purpose of the employment visa and obtaining Lawful Permanent Resident status, among other ways. Furthermore, this delay and uncertainty has caused significant hardship on Plaintiff as he awaits a final decision on his employment visa application.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Haibo Jiang requests the following relief:

1. That this Honorable Court assume jurisdiction over this action;

2. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all administrative processing within sixty days;

3. That this Honorable Court issue a writ of mandamus compelling Defendants to issue an employment visa to Haibo Jiang;

4. That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiff the cause and nature of the delay and inform Plaintiff of any action that may be taken to accelerate processing of the visa application;

5. Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

6. Such other and further relief as this Honorable Court may deem just and proper.

RESPECTFULLY SUBMITTED
June 27, 2024

***/s/ Thomas E. Raisbeck***
Thomas E. Raisbeck, Esq.
Lane, Felix & Raisbeck Co., L.P.A.
4931 Delhi Pike
Cincinnati, Ohio 45238
Telephone (513) 922-7700
Fax (513) 922-4607
Email: Tomraisbeck@lfrlaw.com

***/s/ James O. Hacking, III***
James O. Hacking, III
MO Bar # 46728
Hacking Immigration Law, LLC
10121 Manchester Road, Suite A
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackingimmigrationlaw.com

**ATTORNEYS FOR PLAINTIFF**